[Cite as *State v. Bartlett*, 2014-Ohio-4379.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100769**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONALD BARTLETT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-571194-A and CR-13-576920-A

**BEFORE:**   Stewart, J., Blackmon, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   October 2, 2014

**ATTORNEY FOR APPELLANT**

Mary Catherine O'Neill
Jordan & Sidoti, L.L.P.
50 Public Square
Terminal Tower, Suite 1900
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Glen Ramdhan
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Donald Bartlett pleaded guilty to escape. That plea made him a probation violator in two other cases in which he had been placed on community control. The court imposed concurrent, 18-month sentences on the community control violations, to be served consecutively to a 10-month sentence on the escape count. In this appeal, Bartlett claims that the court erred by imposing consecutive sentences without making the findings required by R.C. 2929.14(C)(4) and that defense counsel was ineffective for wrongly advising him that he would be not be sentenced for his community control violations.

I

{¶2} Bartlett first raises issues relating to the court's order that he serve his sentences consecutively.

A

{¶3} R.C. 2929.14(C)(4) permits a court to impose consecutive sentences if it determines that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶4} The court made the requisite findings pursuant to R.C. 2929.14(C)(4), precisely stating:

Now, the ten months in this case is to run consecutively to the time that was just imposed, the 18 months in the other two cases, and that is because the Court finds that the consecutive sentence is necessary to protect the public from future crime and to punish the offender and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. And the Court finds specifically the offender in this case, Mr. Bartlett, committed the crime in 576920 when he was under sanctions, specifically under community control sanctions in the prior two cases, and also, the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Tr. 18-19.

{¶5} The court's findings were completely faithful to the text of R.C. 2929.14(C)(4). The imposition of consecutive sentences is, therefore, not contrary to law. However, we remand this case to the trial court to put the findings for consecutive sentences in the sentencing entry, nunc pro tunc, pursuant to *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177.

B

**{¶6}** Bartlett next argues that the record does not support imposing consecutive sentences. He states that consecutive sentences are disproportionate to the seriousness of his offenses. He concedes that he has three convictions for escape, but argues that these crimes were victimless and not serious enough to warrant the imposition of consecutive sentences.

**{¶7}** The trial court has discretion to order consecutive sentences. *See State v. Thompson*, 8th Dist. Cuyahoga No. 99628, 2014-Ohio-202, ¶ 23. As an appellate court, we cannot reverse a trial court's decision to impose consecutive sentences as being an abuse of discretion; we can only reverse consecutive sentences if we clearly and convincingly find that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2).

**{¶8}** Bartlett has such a lengthy history of failing to abide by the terms of his community control that we cannot clearly and convincingly find that the court's findings are not supported by the record. The court described the following history of Bartlett's failure to comply with the terms of community control:

> On 7/13/12 the defendant was sentenced in Case No. 558743 to two years of community control with the following conditions: Supervised by group D; report weekly for three months and every two weeks thereafter; attend programming as indicated in the case plan; and the defendant was ordered to pay a monthly supervision fee of $20 and would be eligible for early termination request when all conditions were met. He was to submit to random drug testing. And the conditions and terms of the probation were subject to modification by the probation officer and approval of the Court. And he was required to pay court costs.
>
> On August 23rd, 2012, a capias was issued for the defendant due to his failure to report to the probation department after sentencing.

On September 20th, 2012, the defendant was before the Court for his first violation hearing and the defendant was found to be in violation, continued with prior conditions, and ordered to successfully complete an inpatient treatment program at the Keating Center. And it was on January 7th, 2013, that Officer Jessica Alverado actually assumed the defendant's supervision. The previous officer's records reflect that the defendant completed treatment at the Keating Center on 11/26/12, but records indicated that the previous officer received a phone call from a caseworker at the Keating Center, specifically on November 27, 2012, stating that the, quote, defendant had a bad attitude and was contaminating the house, end quote.

On February 1st, 2013, the Court issued a capias due to the defendant failing to report to probation department since 12/18/12, and the defendant also failed to report to the Adult Parole Authority as well.

On February 19th, 2013, the defendant was indicted for escape in Case No. 571194.

And on June 19th, 2013, the defendant was before the Court for a second violation hearing in Case No. 558743 and sentenced in Case No. 571194. The defendant was continued under supervision in Case No. 558743 and sentenced to two years of community control with conditions associated with group D supervision in the second case, 571194.

However, the defendant failed to report to the probation officer after the violation hearing sentencing on June 19th, 2013, and the Court was then notified and another capias was issued on July 24th, 2013. And of course then the defendant was indicted for escape in Case No. 576920 and pled guilty thereto, and we're here for sentencing on that as well.

Tr. 4-7.

{¶9} Bartlett's conduct went well beyond what he rather casually describes as an "apathy towards reporting to the Adult Parole Authority" — it was contempt for the seriousness of community control even in the face of the court showing him lenity in past situations where it could have found him to be a community control violator. On the record before us, we cannot say that the consecutive sentence ordered was

disproportionate to Bartlett's admitted history of ignoring the terms of community control.

II

{¶10} Bartlett next claims that defense counsel told him prior to trial that he would not be sentenced for his community control violations. He argues that defense counsel was ineffective for so representing, thus rendering his guilty plea involuntary.

{¶11} We summarily overrule this assignment of error because the record does not show that defense counsel made any representations regarding whether Bartlett would be sentenced for his community control violations. Bartlett concedes this point, stating: "this point of emphasis was not made on the record, before the court, and holds no weight as to his appeal but it does serve to reinforces [sic] the lack of voluntariness associated with his plea." Appellant's Brief at 10. It is a fundamental principle of appellate review that a reviewing court is limited to the record of proceedings at trial. *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 13. By Bartlett's own admission, defense counsel's statements are not in the record on appeal, so he cannot exemplify his claimed error. *See* App.R. 12(A)(1)(b); App.R. 16(A)(7).

{¶12} Judgment affirmed and remanded.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for correction of sentencing entry and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., and
TIM McCORMACK, J., CONCUR